### CUDAHY PACKING CO. v. FREY & SON, Inc.

(Circuit Court of Appeals, Fourth Circuit. July 16, 1919.)

No. 1571.

Monopolies ⟨⟐⟩17(2)—Manufacturer's fixing of resale price.

 Manufacturer's announcement in advance that customers were expected to charge the price fixed by it, and that penalty for refusal to maintain price would be refusal to sell to the offending customer, observance of the request to maintain price by customers generally, and the actual enforce-

ment of the penalty by refusing to sell to a customer failing to maintain the price, does not constitute a violation of the statutes against monopolies.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action by Frey & Son, Incorporated, against the Cudahy Packing Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

See, also, 243 Fed. 205.

Gilbert H. Montague, of New York City (Joseph W. Goodwin, of New York City, and Thomas Creigh, of Chicago, Ill., on the brief), for plaintiff in error.

Charles Markell and Horace T. Smith, both of Baltimore, Md. (Daniel W. Baker, of Washington, D. C., on the brief), for defendant in error.

Charles E. Hughes, Charles Wesley Dunn, and Mason Trowbridge, all of New York City, for Colgate & Co., as amici curiæ.

Henry S. Mitchell, Sp. Asst. Atty. Gen. (G. Carroll Todd, Asst. Atty. Gen., on the brief), for the United States, as amici curiæ.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In this action for damages under the federal statute forbidding combinations and discrimination in restraint of trade the District Judge refused to direct a verdict for the defendant and the plaintiff recovered judgment. Exceptions were taken at almost every step of the trial; but the vital question on which all others turn is whether the testimony, viewed most favorably to plaintiff, tended to prove an unlawful combination or unlawful discrimination to which the defendant was a party. There was a mass of testimony and a great number of objections to its introduction, and the case comes here on 141 assignments of error covering 85 pages of the record; but there was so little real conflict in the testimony on the vital issue that, except on the measure of damages, the case might well have been tried without prejudice on the following as an agreed statement of facts:

The defendant manufactured and sold Old Dutch Cleanser, and developed a large trade in that article by extensive advertisements in newspapers and magazines and by circulars and solicitors. Considering the maintenance of a fixed price necessary to an adequate profit, defendant adopted the following means of promoting sales and maintaining the wholesale price: It sold only to jobbers and wholesalers who were expected to sell only to retailers. Soliciting agents were sent to retail merchants, and orders taken from them at the list price, to be transmitted to any jobber that the retailer named of the jobbers to whom the defendant was selling. These jobbers selected by defendant, though called distributing agents, were purchasers to whom defendant sold at a fixed deduction or discount from the list price. This discount was intended as the jobber's profit. By circulars and personal interviews jobbers were insistently exhorted to maintain the fixed prices

in their own interest and that of the defendant. The jobbers knew they were expected to maintain the prices fixed by the defendant and that they were liable to be cut off if they refused. There was occasional underselling by dealers, and perhaps occasional disregard by the defendant of isolated acts of underselling. But the plan of the defendant was generally acquiesced in by jobbers, and its requests or demands that the prices be maintained were generally complied with. There was no formal written or oral agreement with jobbers for the maintenance of prices.

The plaintiff was a jobber on defendant's list of "distributing agents," who had a considerable trade in Old Dutch Cleanser. Believing that by the elimination of certain expenses usually incident to the wholesale business, it could afford to sell Old Dutch Cleanser at less than the price enjoined by defendant, plaintiff reduced the price below that fixed by defendant. For that reason the defendant refused to sell plaintiff at its usual discount from the list price, thus cutting off its business by making it impossible for it to compete with other jobbers at a profit.

The vital question is whether defendant's method of business, coupled with the acquiescence of its customers therein by observing its requests or demands to maintain prices, was such co-operation between seller and purchasers as amounted to a combination in restraint of trade within the rule laid down in Dr. Miles Medical Co. v. Park & Sons Co., 220 U. S. 373, 31 Sup. Ct. 376, 55 L. Ed. 502, and other following cases. We are obliged to hold that the question has been clearly answered in the negative by the Supreme Court in United States of America v. Colgate & Co., 250 U. S. 300, 39 Sup. Ct. 465, 63 L. Ed. 992, decided June 2, 1919. The court expressly held that the announcement in advance that customers were expected to charge a price fixed by the seller and that the penalty for refusal to maintain prices would be refusal to sell to the offending customer, observance of the request to maintain prices by customers generally, and the actual enforcement of the penalty by refusal to sell to such customers as failed to maintain the price, did not constitute a violation of the trust statute. Nothing more was done by the defendant and its customers in this case.

Since the defendant, under the Colgate Case, merely exercised the right reserved by the Clayton Act (Act Cong. Oct. 15, 1914, c. 323, § 2, 38 Stat. 730 [Comp. St. § 8835b]) to dealers of "selecting their own customers in bona fide transactions and not in restraint of trade," the plaintiff cannot recover under its charge of unlawful discrimination in price.

Reversed.